Filed 11/19/20  P. v. Roberts CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAYMON TONY ROBERTS,<br><br>    Defendant and Appellant. | B303312<br><br>Los Angeles County<br>Super. Ct. No. MA075841 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge. Affirmed.

Glenn L. Savard, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

The Los Angeles County District Attorney filed an information charging defendant and appellant Raymon Tony Roberts with second degree robbery (Pen. Code, § 211; count one)[1] and misdemeanor resisting, delaying, or obstructing a public officer, peace officer, or emergency medical technician (§ 148, subd. (a)(1); count two). The information further alleged Roberts sustained a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), a prior serious felony conviction (§ 667, subd. (a)(1)), and three prior prison term convictions (§ 667.5, subd. (b)).

A jury convicted Roberts of both counts, and Roberts admitted he sustained the prior strike conviction and the prior serious felony conviction. The trial court sentenced him to 11 years in state prison, consisting of a three-year middle term on count one, doubled to six years for the prior strike conviction, plus five years for the prior serious felony conviction.[2]

Roberts filed a timely notice of appeal, and we appointed counsel to represent him. On June 1, 2020, appellate counsel filed a brief raising no issues and asking us to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Roberts did not respond to our letter advising him of his right to file supplemental briefing.

Following review of the record pursuant to *People v. Wende*, we affirm.

---

1    All undesignated statutory references are to the Penal Code.

2    The court struck the three prior prison term allegations in the interest of justice under section 1385.

## FACTUAL BACKGROUND

On the evening of March 6, 2019, and through the morning of March 7, Gershon Maldonado was working alone as a cashier at an AM/PM store. Roberts entered the store as Maldonado was ringing up other customers. Maldonado had previously told Roberts he could no longer shop in the store. Maldonado told Roberts he was not going to provide service to him and asked him to leave. Roberts refused to leave and said he wanted to buy some items. Maldonado again asked Roberts to leave, at which point Roberts grabbed some items and exited the store without paying for them.

Maldonado pursued Roberts out of the store and attempted to retrieve the stolen items. Roberts said he would not give them back, and told Maldonado he would punch him if he tried to retrieve the items. Maldonado nevertheless attempted to take back the items, and Roberts punched him on his right cheek and on his forehead. A fight between the two men ensued, and customers approached to assist Maldonado. The customers tackled Roberts to the floor, and Maldonado went back to the store to assist other customers. Roberts re-entered the store and took more items, including a Rockstar energy drink and Slim Jims. Roberts again left the store without paying for the items.

Immediately after Roberts left the store, uniformed Los Angeles Deputy Sheriffs arrived. Several deputies pointed their firearms at Roberts and gave verbal commands for him to stop walking, remove his hands from his pockets, and get on the ground. Roberts did not respond to the officers' commands, and instead kept walking. Following orders from his sergeant, one of the deputies tased Roberts, and Roberts fell to the ground immobilized. The deputies ordered Roberts to show them his

hands, but Roberts yelled at them and did not follow their orders. Several of the deputies surrounded Roberts and handcuffed him.

## DISCUSSION

We have examined the entire record, and are satisfied no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279 [120 S.Ct. 746, 145 L.Ed.2d. 756]; *Wende*, *supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, J.

We concur:

MANELLA, P.J.

COLLINS, J.

4